UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

    - v -                          :

**SUREN GADAYEV**               :

        Defendant.              :
------------------------------X

**AFFIRMATION**

**15 Cr. 66 (LTS)**

I, Robert M. Baum, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an Assistant Federal Defender with the Federal Defenders of New York and have been assigned to represent defendant Suren Gadayev in this case.

2. I make this declaration in support of Suren Gadayev's motion for relief in the NOTICE OF MOTION submitted herewith.

3. All statements herein are made upon information and belief unless otherwise indicated.

4. I have reviewed documents and records provided by the Government and conducted independent investigation into the facts and circumstances surrounding this case.

5. Suren Gadayev is charged in the instant indictment with two counts, Conspiracy to Commit Extortion and Extortion. See Indictment, Exhibit A.

6. Mr. Gadayev was arrested and taken into custody on January 26, 2015, by two F.B.I. agents. He was handcuffed and taken by car to presumably, F.B.I.

headquarters for processing and questioning.

7. During the trip by car, Mr. Gadayev was questioned about the events underlying the charges against him. He was not given <u>Miranda</u> warnings. He provided his version of the events without any understanding of his rights.

8. Within ten minutes after his arrival at F.B.I. offices, Mr. Gadayev was taken to a room for questioning. He was handcuffed to a bar on the wall.

9. He was told after sitting down, "we already did this one time, we are going to do this again. We're just going to read you your rights," (See Defense Exhibit B, video tape (CD) of statement, at 9:31), clearly indicating that Mr. Gadayev had made a prior statement without <u>Miranda</u> warnings.

10. The <u>Miranda</u> warnings were read to Mr. Gadayev from a form. Before signing, Mr. Gadayev read the form and questioned its meaning. He asked, "without a lawyer's presence, isn't that against me? Isn't it against me if I answer questions without a lawyer's presence?" Exhibit B at 10:55.

11. Mr. Gadayev was told by one agent, "if you want a lawyer you can ask for a lawyer, but its not held against you." Exhiibit B at 11:05. The second agent also said "it's not held against you."

12. Mr. Gadayev signed the form and continued to speak

about the circumstances underlying his arrest. There was no explanation or clarification of the statement by the agents that "it would not be held against you." Mr. Gadayev's understanding of this statement had nothing to do with the presence or absence of a lawyer as being held against him. He answered questions because he believed that even without a lawyer, nothing he says would be held against him.

13. Because Mr. Gadayev did not understand his Miranda rights, any purported waiver was not knowing and voluntary.

14. In addition, the agent's process of taking an unwarned statement, then a short time later asking Mr. Gadayev to repeat that statement after warnings, constituted a deliberate attempt to undermine the Miranda warnings, thus making the second statement involuntary despite the failure to adequately and incorrectly explain the warnings.

15. At a joint trial, the Government will seek to introduce evidence that the co-defendant engaged in similar extortionate conduct on a prior occasion by committing a violent act to collect a debt. Such evidence would be inadmissible against Mr. Gadayev if he were tried alone.

16. Given the highly prejudicial nature of such evidence

which goes directly to the heart of the charges herein, a limiting instruction to the jury would likely be insufficient to cure the prejudicial impact, warranting a severance.

**WHEREFORE,** on the grounds set forth in the attached Memorandum of Law, it is respectfully requested that this Court enter an Order granting Mr. Gadayev's motion to suppress his video statement as well as any prior unwarned statement, obtained in violation of his Fifth and Sixth Amendment rights. We also seek an Order granting a severance for the reasons set forth more fully herein.

Dated:  New York, New York
        May 15, 2015

**ROBERT M. BAUM, ESQ.**